IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RUBEN PRATTS, | ) | CASE NO. 5:04 CV 1875 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| PAT HURLEY, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

### I. Introduction

Before the Court is Ruben Pratts's petition for a writ of habeas corpus.[1] Pratts is incarcerated at the Ross Correctional Institution, Chillicothe, Ohio, upon pleading guilty to aggravated murder, with death penalty and firearm specifications, and aggravated burglary, with a firearm specification.[2]

In his habeas petition, Pratts raises three grounds for relief.[3] The state acknowledges custody of Pratts but has moved to dismiss all three grounds of the petition as time-barred.[4] Alternatively, the state argues that Pratts has procedurally defaulted on all grounds.[5]

---

[1] ECF # 1.

[2] *Id.* at 2.

[3] *Id.* at 4-14.

[4] ECF # 16 at 1.

[5] *Id.*

The Magistrate Judge concludes that Pratts's petition is time barred under the one-year statute-of-limitations established by 28 U.S.C. § 2244(d)(1)(A). The Magistrate Judge, therefore, recommends the granting of the state's motion to dismiss and the dismissal of the petition.

## II. Procedural History

### A. *Proceedings through guilty plea and sentencing*

Ruben Pratts was indicted by the Summit County Grand Jury on December 1, 1988.[6] The indictment charged him with aggravated murder, with death penalty and firearm specifications, and aggravated burglary, with a firearm specification.[7]

On March 13,1989, Pratts pled guilty to the indictment.[8] The trial court accepted the guilty plea and sentenced Pratts to life imprisonment with eligibility for parole after twenty actual and full years had been served on the murder charge; a period of five to twenty-five years for the aggravated burglary charge; and three years on the merged firearm specifications, with all sentences to be served consecutively.[9] Pratts did not file a direct appeal to this decision.

---

[6] ECF # 16, Ex. 2.

[7] *Id.*

[8] *Id.*, Ex. 3.

[9] *Id.*

### B. *Proceedings after the guilty plea and sentencing*

As fully explained below, the Magistrate Judge concludes that the one-year statute of limitations under 28 U.S.C. § 2244(d)(1)(A) expired in this case on November 2, 1999. Pratts initiated proceedings challenging his conviction and sentence both before and after that date. For the sake of completeness, this report and recommendation will discuss all such proceedings.

*1. Proceedings before November 2, 1999*

a. Petition for postconviction relief

On September 17, 1996, Pratts filed a petition for post conviction relief under Ohio Revised Code § 2953.21.[10] The court of common pleas denied Pratts's motion on July 3, 1997.[11] This order was subsequently incorporated in the judgment entry dated August 11, 1997.[12]

On September 4, 1997, Pratts filed a notice of appeal from the trial court's denial of post-conviction relief.[13] On July 15, 1998, the court of appeals affirmed the decision of the

---

[10] *Id.*, Ex. 4A.

[11] *Id.*, Ex. 4C.

[12] *Id.*, Ex. 5.

[13] *Id.*, Ex. 6.

trial court.[14] On July 24, 1998, Pratts filed a motion to certify a conflict in judgment to the Ohio Supreme Court.[15] The court of appeals denied certification on August 17, 1998.[16]

On August 31, 1998, Pratts, filed a timely notice of appeal and jurisdictional memorandum in the Ohio Supreme Court from the affirmance of the denial of post-conviction relief.[17] On December 16, 1998 the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question.[18]

On October 1, 1998, Pratts filed a timely notice of appeal and jurisdictional memorandum in the Ohio Supreme Court from the denial of certification of a conflict.[19] On December 23, 1998, the Ohio Supreme Court dismissed the appeal for want of a substantial constitutional question.[20] Pratts did not seek a writ of certiorari from the Supreme Court of the United States with respect to either dismissal.

---

[14] *Id.*, Ex. 9.

[15] *Id.*, Ex. 10.

[16] *Id.*, Ex. 11.

[17] *Id.*, Exs. 12 and 13.

[18] *Id.*, Ex. 18.

[19] *Id.*, Ex. 14 and 15.

[20] *Id.*, Ex. 19.

2. *Proceedings after November 2, 1999*

a. The first state habeas petition

On December 27, 1999, Pratts filed in the trial court his first of three state habeas petitions. The court of common pleas denied this first state habeas petition on November 30, 2001.[21] Pratts did not appeal from this denial.

b. The second state habeas petition

On April 4, 2001, Pratts filed his second state habeas petition,[22] which the court of common pleas dismissed on June 25, 2002.[23] On July 24, 2002, Pratts filed a notice of appeal from the denial of the second habeas petition.[24]

The court of appeals affirmed the trial court's dismissal of the second habeas petition on February 12, 2003.[25] On February 19, 2003, Pratts filed a motion to certify a conflict to the Ohio Supreme Court.[26] The court of appeals certified a conflict on March 17, 2003.[27]

---

[21] *Id.*, Ex. 20.

[22] *Id.*, Ex. 21A.

[23] *Id.*, Ex. 21.

[24] *Id.*, Ex. 22.

[25] *Id.*, Ex. 22E.

[26] *Id.*, Ex. 22F.

[27] *Id.*, Ex. 22H.

On March 4, 2003, Pratts filed a motion for leave to appeal and claimed appeal as of right to the Supreme Court from the affirmance of the denial of the petition.[28]

The Ohio Supreme Court found that a conflict existed.[29] On May 16, 2003, the Court consolidated Pratts's two pending appeals.[30]

On May 5, 2004, the Ohio Supreme Court affirmed the judgment of the court of appeals denying habeas relief and answered the certified question in the negative.[31] Pratts did not seek a writ of certiorari.

c.      The third state habeas petition

Pratts filed a third petition for habeas relief as an original action in the Court of Appeals for the Fourth District on July 24, 2002, the same day as he filed his notice of appeal from his second petition for habeas relief.[32] On August 27, 2002, the court of appeals dismissed the action.[33] Pratts did not appeal this dismissal to the Ohio Supreme Court.[34]

---

[28] *Id.*, Ex. 22K.

[29] *Id.*, Ex. 22K.

[30] *Id.*, Ex. 22M.

[31] *Pratts v. Hurley*, 102 Ohio St. 3d 148, 807 N.E.2d 346 (2004).

[32] ECF # 16, Ex. 33.

[33] *Id.*

[34] *Id.*

d.   Motion to file delayed appeal

Concurrent to Pratts's second motion for state habeas relief, on November 5, 2002, he filed a motion for leave to file a delayed appeal in the court of appeals.[35] On November 25, 2002, the court denied the motion.[36]

On December 30, 2002, Pratts filed a timely notice of appeal and jurisdictional memorandum in the Supreme Court of Ohio.[37] On March 19, 2003, the Ohio Supreme Court dismissed the appeal.[38] Pratts did not seek a writ of certiorari from this decision.

## C.   *The federal habeas petition*

On September 3, 2004, filed the instant petition for habeas corpus in the United States District Court, Southern District of Ohio, Eastern Division.[39] The Southern District transferred the petition to this Court.[40]

---

[35] *Id.*, Ex. 26.

[36] *Id.*, Ex. 28.

[37] *Id.*, Exs. 29 and 30.

[38] *Id.*, Ex. 32.

[39] ECF # 1.

[40] ECF # 2.

### III.  Analysis

*A.     The applicable law*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), imposes a one-year statute of limitations period on state prisoners seeking the writ in federal habeas courts. The statute provides in pertinent part as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court.  The limitations period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> ***
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim pending shall not be counted toward any period of limitation under this subsection.

When a petitioner's conviction became final before the effective date of the AEDPA,[41] the petitioner is entitled to one year after the effective date of the AEDPA within which to file his petition for a writ of habeas corpus.[42]

As provided in § 2244(d)(2), a properly filed application for state post-conviction relief or other collateral review of the underlying conviction is not counted toward the

---

[41] The AEDPA became effective April 24, 1996.  *See*, *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002).

[42] *Id.*

-8-

one-year limitation period. A post-conviction petition is deemed "properly filed" under this statute if it meets the applicable state rules governing filing.[43] The United States Supreme Court has held that "time limits, no matter what their form, are 'filing' conditions," such that untimely state post-conviction applications will not toll the federal habeas limitations period.[44] But, if a petitioner properly files a post-conviction application, the limitations period is tolled until the day after a petition for a writ of certiorari from the state court of last resort's denial of that application is due in the United States Supreme Court, regardless of whether the petitioner actually sought the writ.[45]

Contrary to Pratts's claim,[46] an application for a delayed appeal, even if properly filed, does not provide a new one-year AEDPA limitation clock; it only tolls the statute for the time when such a properly filed motion is pending.[47] As the Sixth Circuit stated in *Searcy v.*

---

[43] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Walker v. Smith*, 360 F.3d 561, 563 (6th Cir. 2004).

[44] *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

[45] *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003) (en banc); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). *See also*, Sup. Ct. R. 13 (a criminal defendant has ninety days following the entry of judgment by the "state court of last resort" in which to file a petition with the United States Supreme Court for a writ of certiorari).

[46] ECF # 19 at 2. Current motion for delayed direct appeal allegedly "re-set the federal statute of limitations clock because it was part of direct review." *Wilberger v. Carter*, 35 F. App'x 111 (6th Cir. 2002), cited by Pratts, is inapposite since it dealt with a *properly filed* post-conviction motion (*id*. at 115) which tolled, but did not re-set, the limitations clock. ("Wilberger's motion stopped the one-year clock after 105 days had run; *260 days remained.*" *Id*. (emphasis added)).

[47] *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

*Carter*, "although the filing of a motion for a delayed appeal may have tolled the running of the one-year statute, it did not cause the statute to begin to run anew when the state court denied the motion."[48]

### B.     *Pratts's petition is untimely.*

Here, the state contends that the applicable one-year limitations period began when the AEDPA came into effect on April 24, 1996.[49] After 146 days had passed, that period was tolled from when Pratts first sought state post-conviction relief on September 17, 1996 until the Ohio Supreme Court denied the last of his two appeals on December 28, 1998, plus an additional ninety days for potential review by the United States Supreme Court.[50] Thus, the limitations period for Pratts would have resumed following that time for potential certiorari on March 29, 1999 and totally expired 219 days thereafter, or on November 2, 1999.[51] Since his earliest state habeas petition was not filed until December 27, 1999 – and his motion for delayed direct appeal was not offered until 2002 – none of these actions could serve to toll the limitations periods that had already expired, nor could they re-start a completed clock.[52]

---

[48] *Searcy*, 246 F.3d at 519.

[49] ECF # 16 at 19.

[50] *Id.* Although the state does not include the additional ninety days subsequent to the final decision of the Ohio Supreme Court during which a prisoner could have sought a writ of certiorari, such period is required in calculating the limitations period. *See*, *Abela*, 348 F.3d at 172-73.

[51] *Id.*

[52] *Id.* at 19-20.

While the state argues that a federal habeas petition here was due no later than November 2, 1999, Pratts asserts that the federal habeas limitations period should not even begin until March of 2003 when the Ohio Supreme Court denied his motion for delayed appeal and then should be tolled until the Ohio Supreme Court denied the last of his state habeas petitions.[53]

Pratts does not dispute the state's calculation of time.  Instead, Pratts seeks to completely ignore any events or consequences accruing prior to 2002 and submits that the limitations clock was reset by his motion for delayed appeal.  As previously noted, the clear teaching of the Sixth Circuit in *Searcy* expressly prohibits this result.[54]

This Court has applied the rule in *Searcy* in a recent case substantially similar to this one.  In *Flannery v. Wilson*,[55] the petitioner pled guilty and was sentenced on May 8, 2002.[56] He took no appeal within 30 days of his sentencing.[57]  The petitioner did nothing further until he filed for delayed appeal on March 25, 2004.[58]  The court of appeals denied the motion, and

---

[53] ECF # 19.

[54] *Searcy*, 246 F.3d at 519.

[55] *Flannery v. Wilson*, No. 1:05cv 2210, 2006 WL 1587376 (N.D. Ohio June 5, 2006) (Boyko, J.).

[56] *Id.* at *7.  At another point in the decision, May 2, 2002 is given as the date of the guilty plea and sentencing. *Id.* at *2.  This discrepancy does not affect the Court's analysis or the result reached on the statute-of-limitations issue.

[57] *Id.* at *7.

[58] *Id.*

the petitioner appealed to the Ohio Supreme Court, which declined jurisdiction in 2005.[59] The petitioner filed his federal habeas petition on September 20, 2005.[60]

Applying 28 U.S.C. § 2244(d)(1)(A), the Court concluded that the judgment became final on May 8, 2002, and the one-year AEDPA limitation period ran on May 9, 2003,[61] well before the petitioner filed his motion for delayed appeal or his federal habeas petition. Under the rule in *Searcy*, the Court reasoned, the filing of the motion for delayed appeal did not cause the expired limitation period to run anew.[62] Pratts, like the petitioner in *Flannery*, filed his motion for delayed appeal after the limitation period had expired.

## IV.  Conclusion

Accordingly, for the foregoing reasons the Magistrate Judge recommends the granting of the state's motion to dismiss because Pratts's petition is time barred.

Dated:   August 31, 2006                       s/ William H. Baughman, Jr.
                                               United States Magistrate Judge

---

[59] *Id.* at *4.

[60] *Id.*

[61] *Id.* at *7.

[62] *Id.* at *6.  *See also*, *Leon v. Bradshaw*, No. 1:05cv875, 2006 WL 1624430 (N.D. Ohio June 6, 2006) (Boyko, J.), in which this Court applied *Searcy* to reject a petitioner's attempt to revive an expired limitation period by the filing of a motion for leave to withdraw a guilty plea and an unsuccessful appeal from the denial of that motion. *Id.* at *4.

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[63]

---

[63] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).