UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RUBEN PRATTS,** | ) | **CASE NO. 5:04CV1875** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs, | ) | |
| | ) | **OPINION AND ORDER** |
| | ) | |
| **PAT HURLEY, WARDEN** | ) | |
| | ) | |
| Respondent | ) | |
| | ) | |
| | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon the Magistrate Judge's Report and Recommendation concerning Petitioner Ruben Pratts' Petition for Writ of Habeas Corpus (Petition) pursuant to 28 U.S.C. § 2254 and Respondent Pat Hurley's Motion to Dismiss the Petition as time-barred by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1)(A). For the reasons that follow, the Magistrate Judge's Report and Recommendation granting Respondent's Motion to Dismiss Pratts' Petition as time-barred is adopted.

**I. FACTUAL BACKGROUND**

On December 1, 1988, Pratts was indicted in the Court of Common Pleas for aggravated murder, with death penalty and firearm specifications, and aggravated burglary, with a firearm specification. On March 13, 1989, Pratts pled guilty to the indictment and was sentenced. Pratts

1

did not directly appeal his conviction or sentence.

On September 17, 1996, Pratts filed a petition in the Court of Common Pleas for post-conviction relief under Ohio Revised Code § 2953.21, which was denied on July 3, 1997.  On September 4, 1997, Pratts filed a Notice of Appeal from the trial court's denial of post-conviction relief; but the Court of Appeals affirmed the decision of the trial court on July 15, 1998.  Pratts filed a Notice of Appeal and Jurisdictional Memorandum from this affirmance on August 31, 1998 with the Ohio Supreme Court.  On December 16, 1998, the Ohio Supreme Court dismissed the appeal for lack of a substantial constitutional question.

On July 24, 1998, Pratts filed a Motion to Certify a Conflict in Judgment; however, on August 17, 1998, the Court of Appeals denied certification.  On October 1, 1998, Pratts filed a timely Notice of Appeal and Jurisdictional Memorandum from the denial of certification of conflict with the Ohio Supreme Court.  On December 23, 1998, the Ohio Supreme Court dismissed the appeal due to lack of a substantial constitutional question.

Pratts then filed three state habeas petitions.  The first petition, filed in the trial court on December 27, 1999, was denied on November 30, 2001.  The second petition, filed in the trial court on April 4, 2001, was dismissed on June 25, 2002.  Pratts appealed this dismissal to the Court of Appeals and then to the Ohio Supreme Court, which affirmed the denial of habeas relief on May 5, 2004.  On July 24, 2002, Pratts filed in the Court of Appeals a third petition, which was dismissed on August 27, 2002.

Pratts filed a Motion for Leave to File a Delayed Appeal in the Court of Appeals on November 5, 2002, and the court denied the motion on November 25, 2002.  Pratts filed a Notice of Appeal and Jurisdictional Memorandum on December 30, 2002 with the Ohio Supreme Court.

On March 19, 2003, the Ohio Supreme Court dismissed the appeal as not involving a substantial constitutional question.

On September 3, 2004, Pratts filed this Petition for Writ of Habeas Corpus. The State motioned to dismiss the petition. The Magistrate Judge recommended that the State's motion to dismiss be granted because Pratts' Petition is time-barred. Pratts' objection to the denial of his Petition is now before this Court.

## II. LAW AND ANALYSIS

### A. Standard of Review

After a magistrate judge has made recommendations for the disposition of a prisoner petition challenging conditions of confinement, any party may serve and file written objections to the recommendations. 28 U.S.C. § 636(b)(1). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

### B. Pratts' Petition of Writ of Habeas Corpus is time-barred by the statute of limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations period for the filing of federal habeas corpus petitions by state prisoners. 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> \*\*\*

3

>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* If a prisoner's conviction became final prior to the effective date of the AEDPA, April 24, 1996, the prisoner had one year from that effective date in which to file a habeas corpus petition. *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001) (citing *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999), *vacated on other grounds*, 530 U.S. 1257 (2000)). Since Pratts' conviction became final before the effective date for the AEDPA, the one-year statute of limitations to file a petition began on April 24, 1996.

In accordance with 28 U.S.C. § 2244(d)(2), the statute of limitations was tolled due to Pratts' proper filing of a Petition for Post-Conviction Relief. A post-conviction petition is properly filed when its delivery and acceptance comply with the applicable rules and laws governing filings. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Walker v. Smith*, 360 F.3d 561, 563 (6th Cir. 2004). When a petitioner properly files for post-conviction relief, the statute of limitations period for a habeas corpus action is only tolled while the application is "pending." According to *Lawrence v. Florida*, "when the state courts have issued a final judgment on a state application, it is no longer pending even if a prisoner has additional time for seeking review of that judgment through a petition for certiorari." 127 S.Ct. 1079 (2007). This holding effectively overrules *Abela v. Martin*'s finding that the statute of limitations is tolled from the filing of the application "until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case." 348 F.3d 164, 172-73 (6th Cir. 2003). Although the recent *Lawrence*

interpretation of 28 U.S.C. § 2244(d)(2) was not taken into account in the Magistrate Judge's calculation of the statute of limitations, it does not affect the Magistrate Judge's conclusion that Pratts' Petition was time-barred.

In Pratts' case, the statute of limitations, which began to run on April 24, 1996, was tolled on September 17, 1996, when Pratts sought post-conviction relief. At that time, 146 days had passed, leaving 219 days of the statute of limitations remaining. The last of Pratts' appeals concerning the petition for post-conviction relief was dismissed by the Ohio Supreme Court on December 23, 1998.[1] In contradiction to the Magistrate Judge's recommendation, which was written prior to *Lawrence*, the statute of limitations should begin to run again at this time, without an allowance for time in which a review by the United States Supreme Court can be sought. The statute of limitations expired 219 days later on July 31, 1999. Therefore, the statute of limitations expired before Pratts filed his first state habeas petition on December 27, 1999, his Motion for Leave to File a Delayed Appeal in the Court of Appeals on November 5, 2002, and his federal habeas petition on September 3, 2004.

Once the statute of limitations clock expired, it was not re-set by the Motion for Leave to File a Delayed Appeal, as argued by Pratts in his objection to the Magistrate Judge's recommendation. Pratts argues that *Wilberger v. Carter*, 35 Fed. Appx. 111 (6th Cir. 2002), establishes that a delayed appeal is part of direct review, and therefore, the

---

[1] This date was used in the procedural history of the Magistrate's recommendation; however, the Magistrate used December 28, 1998 as the date for calculating the statute of limitations. Nonetheless, this difference does not affect the finding that Pratt's Petition was time-barred.

5

statute of limitations period should be re-set and should begin to run anew at the end of the delayed direct review. However, the same court in *Searcy v. Carter* found that "although the filing of the motion for a delayed appeal may . . . toll[] the running of the one-year statute, it d[oes] not cause the statute to begin running anew when the state court denied the motion." 246 F.3d 515, 519 (6th Cir. 2001). Since leave to file a delayed appeal can be sought anytime following a conviction, if "the one-year period of limitations did not begin to run until such an application for leave to appeal was denied, the one-year statute of limitations would be meaningless." *Searcy*, 246 F.3d at 519 (quoting *Raynor v. Dufrain*, 28 F. Supp. 2d 896, 898 (S.D.N.Y. 1998)). Rather than following *Searcy*, *Wilberger* found that a motion for delayed direct appeal filed on October 10, 1996, well within the one-year statute of limitations period for cases in which direct review concluded prior to the April 24, 1996 effective date of the AEDPA, caused the statute of limitations to begin after the period in which the appeal was pending, rather than merely tolling the already running statute of limitations. For reasons discussed below, this Court will follow the *Searcy* holding that a delayed appeal can only toll a habeas corpus statute of limitations and cannot restart the period.

Although *Wilberger* is a later case than *Searcy*, the position in *Searcy* has been consistently followed, whereas the position in *Wilberger* has not. Only two United States District Court decisions out of Ohio cite *Wilberger*, but they do not cite the decision's finding that the statute of limitations for filing habeas corpus petitions does not begin until after a delayed direct review. *See Hedrick v. Money*, No. 5:05CV1241, 2006 WL 871201, at *5 (N.D. Ohio March 28, 2006); *Banks v. Ohio*, 238 F. Supp. 2d 955, 958

(S.D. Ohio 2002). In contrast, the rule in *Searcy* that delayed appeals do not re-start the statute of limitations period has been repeatedly followed by both this court and the United States Court of Appeals for the Sixth Circuit. In *Waldron v. Jackson*, the court applied the *Searcy* rule, finding that when the prisoner filed a delayed appeal within one year after the statute of limitations for a habeas petition began to run, the pending delayed appeal tolled the statute of limitations rather than restarted it. 348 F. Supp. 2d 877, 883 (N.D. Ohio 2004). Additionally, in a case similar to the one at issue, a prisoner whose judgment became final prior to April 24, 1996 did not file a delayed appeal until after the one-year statute of limitations ended on April 24, 1997. *Winkfield v. Bagley*, 66 Fed. Appx. 578 (6th Cir. 2003). The court found that the prisoner's subsequent habeas corpus petition was untimely because the statute of limitations had expired and was not re-started by the delayed appeal. *Id.* at 581; *see also Morgan v. Jeffries*, No. 3:05CV2056, 2007 WL 892986 (N.D. Ohio March 21, 2007); *see also Luther v. Hudson*, No. 1:06CV1896, 2006 WL 2864310 (N.D. Ohio Oct. 4, 2006); *see also Flannery v. Wilson*, No. 1:05CV2210, 2006 WL 1587376 (N.D. Ohio June 5, 2006). Therefore, the *Searcy* rule is likewise applied here, and the delayed appeal did not re-start the statute of limitations.

### III. CONCLUSION

Since the statute of limitations to bring a Writ of Habeas Corpus Petition expired before Pratts motioned for leave to file a delayed appeal, the delayed appeal could neither toll nor restart the statute of limitations. Therefore, the subsequent Petition for Writ of

Habeas Corpus was time-barred.  Respondent's Motion to Dismiss is granted.  Since Petitioner has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability.  28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

**DATE:** May 31, 2007

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge